| | | | |
|---|---|---|---|
| Case No. | LACV 16-09102-VAP (AJWx) | Date | July 7, 2017 |
| Title | *Vahe Mkrtchian v. AT&T Mobility Services, LLC* | | |

Present: The Honorable    VIRGINIA A. PHILLIPS, CHIEF UNITED STATES DISTRICT JUDGE

| BEATRICE HERRERA | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    MINUTE ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND TO REMAND ACTION TO STATE COURT [DOC. NO. 12]

On June 9, 2017, Plaintiff Vahe Mkrtchian filed a motion for leave to amend his complaint and to remand action to state court. (Doc. No. 12.) On June 19, 2017, Defendant AT&T Mobility Services, LLC (hereinafter referred to as "AT&T"), filed an opposition to that motion. (Doc. No. 17.) On June 23, 2017, Plaintiff filed a reply. (Doc. No. 18.)

Plaintiff's Motion is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After consideration of the papers filed in support of, and in opposition to, the Motion, the Court GRANTS the Motion.

I.  **Background**

On October 6, 2016, Plaintiff, a former employee of AT&T, filed a complaint against the company in California Superior Court for the County of Los Angeles. (Doc. No. 1-1.) On December 8, 2016, AT&T removed this action to this Court pursuant to diversity jurisdiction. (Doc. No. 1.)

Plaintiff's complaint alleges the following facts: In or around April 2016, Plaintiff went on disability leave from his employment with AT&T; while on leave, Plaintiff received a letter from AT&T, dated August 5, 2016, stating that his employer-provided medical insurance would end on August 31, 2016; Plaintiff contacted AT&T and learned that he had been discharged on August 3, 2016; on or around August 16, 2016, Plaintiff contacted his former supervisor, Arman Nourami,

to inform Nourami that he intended to return to work in September 2016 after his health situation improved; Nourami never responded. (Doc. No. 1-1 at 4.)

Plaintiff raises a variety of state-law claims in his complaint related to AT&T's decision to end his employment, including several violations of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, et seq., such as disability discrimination, failure to prevent discrimination, failure to engage in the interactive process, and failure to provide reasonable accommodations. (Doc. No. 1-1 at 5-11.) The complaint also lists claims for wrongful termination in violation of public policy, "waiting time wage continuation" in violation of Section 203 of the California Labor Code, and violation of Section 17200, et seq., of the California Business and Professions Code. (Id. 11-13.)

Plaintiff now moves to amend his complaint to include new facts and claims. Specifically, Plaintiff seeks to add the following facts to his complaint: In late July 2016, Nourani fabricated an email address in Plaintiff's name; using that address, Nourani sent an email in Plaintiff's name to himself and AT&T's Retail Sales Manager, Luisa Aznarez, that stated that Plaintiff was resigning from his employment to enter a graduate program at California State University, Northridge; Plaintiff never applied to California State University, Northridge; Plaintiff had previously asked Nourani for a letter of recommendation before applying to California State University, Los Angeles; Plaintiff, however, was not admitted to California State University, Los Angeles. (Doc. No. 13-1 at 39-40.) Plaintiff alleges that Nourani created the email address and resignation letter in Plaintiff's name "to justify Plaintiff's termination." (Id. at 40.) Pursuant to those new facts and allegations, Plaintiff seeks to amend his complaint to include the following claims against both AT&T and Nourani: (1) intentional infliction of emotional distress ("IIED"), (2) defamation, (3) misappropriation of name or likeness; and (4) violation of Cal. Penal Code § 528.5.[1] (Id. at 50-53.) The parties do not dispute that adding Nourani, who along with Plaintiff is a citizen of California, would destroy diversity and require a remand to state court.

## II. Discussion

"Generally, if a plaintiff seeks to amend a removed complaint in a manner that would destroy diversity, a court has discretion whether to allow such amendment." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999) (citing 28 U.S.C. § 1447(e)); see also Forward-Rossi v. Jaguar Land Rover N. Am., LLC, No. 2:16-CV-00949-CAS (KSx), 2016 WL 3396925, at *2 (C.D.

---

[1] Defendant objects to the inclusion of the fourth proposed claim, as well as the Court's consideration of recently-discovered evidence relating to the home address of the IP address in question, on the ground that the claim and the evidence were included for the first time with the Plaintiff's reply rather than his initial motion. (Doc. No. 19 at 1-2.) Those objections are overruled. Plaintiff could not have provided this evidence at the time he filed the initial motion because he did not have it, despite his diligence in conducting discovery. Moreover, as the Court does not rely on the Cal. Penal Code claim to rule on the present motion, its inclusion in the amended complaint filed with the reply has not prejudiced Defendant.

Cal. June 13, 2016) (noting that "Rule 15 . . . does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant").

When deciding whether to permit joinder under § 1447(e), a court should consider the following factors: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether the plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; and (6) the strength of the claims against the new defendant. Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002).

   1. **Just adjudication**
   "Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." Clinco, 41 F. Supp. 2d at 1082; Fed. R. Civ. P. 19(a). While courts consider the standard set forth under Rule 19 in determining whether to permit joinder under section 1447(e), "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000). "The standard is met when failure to join will lead to separate and redundant actions," but it is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief." Id. at 1012.

Plaintiff contends that AT&T discharged him because of the resignation email allegedly sent by Nourani in Plaintiff's name, thereby giving rise to his proposed claims for IIED, defamation, misappropriation of name or likeness, and violation of Cal. Penal Code § 528.5. Plaintiff's proposed claims, therefore, arise out of the same facts as his existing claims. Indeed, Plaintiff's discharge is "the fundamental basis of Plaintiff's discrimination and retaliation claims against AT&T." (Doc. No. 18 at 3.) "Accordingly, it cannot be said that [Nourani] is only 'tangentially related' to the existing claims against AT&T." Forward-Rossi, 2016 WL 3396925, at *3. Rather, Nourani "is directly related to the [existing claims] and, in fact, was a direct participant[] in conduct which gives rise to [P]laintiff's existing claims against [AT&T]." Id. This factor, therefore, weighs in favor of granting plaintiff leave to amend the complaint.

   2. **Statute of limitations**
   AT&T contends that amending the complaint is unnecessary because the statute of limitations on Plaintiff's proposed claims against Nourani has not yet expired, and therefore Plaintiff can file a separate action with those claims in state court. "Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because the plaintiff could still theoretically seek relief from state court." Yang v. Swissport USA, Inc., No. C 09-03823 SI, 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010) (Clinco, 41 F. Supp. 2d at 1083). "But where, as here, a

plaintiff would be required to litigate essentially duplicative federal and state lawsuits arising out of the same facts, the interest in conserving judicial resources and the risk of inconsistent results weighs in favor of allowing joinder." Id.; see also IBC Aviation Services, 125 F. Supp. 2d at 1012 ("[E]ven though a state court against [the proposed defendant] might be possible, requiring [the plaintiff] to litigate essentially the same issues in two forums would be a waste of judicial resources and risks inconsistent results].").

As noted above, both Plaintiff's existing claims and proposed claims arise out of the same facts. As a result, this factor weighs in favor of allowing joinder due to the interest in conserving judicial resources and the risk of inconsistent results.

### 3. Timeliness

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." Clinco, 41 F. Supp. 2d at 1083.

Here, Plaintiff filed the instant motion eight months after filing the complaint and six months after the action was removed. As the parties have yet to file dispositive motions, this delay is not unreasonable under this circuit's precedents. See, e.g., Yang v. Swissport USA, Inc., 2010 WL 2680800, at *4 (N.D. Cal. 2010) (granting plaintiffs' motion to amend filed nine months after removal where "no dispositive motions have been filed, and the discovery completed thus far [would] be relevant whether the case is litigated in [federal] court or state court").

In addition, Plaintiff has cited a legitimate reason for the delay to add his claims against Nourani. Despite diligent efforts, Plaintiff was not able to obtain the IP address that was used to fabricate the email address and resignation letter until Google, Inc., responded to a subpoena on May 5, 2017. (Doc. No. 13 at 5.) AT&T apparently had a "customer associated" with that IP address but failed to respond to Plaintiff's written discovery and subpoena requests for information identifying the IP address before the filing of the present motion. (Id.) In any event, Plaintiff was able to use the information provided by Google, Inc., to determine that the resignation email was sent from the city of Burbank, which is where Nourani lives. (Id.) Moreover, after the filing of the present motion, AT&T produced documents that show that the IP address in question matches Nourani's home address in Burbank. (Doc. No. 18 at 2.) Plaintiff should not be penalized for the delay in asserting claims based on information he did not have until a few weeks ago.

For the reasons noted above, this factor supports allowing the amendment.

### 4. Purpose of joinder

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." Clinco, 41 F. Supp. 2d at 1083. "Motive is particularly important in removal jurisdiction cases where the consequences of joining a new defendant may defeat the court's jurisdiction." Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1023 (C.D. Cal. 2002). However, "[s]uspicion of diversity

destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." Yang, 2010 WL 2680800, at *5 (citing IBC Aviation Services, 125 F. Supp. 2d at 1012).

AT&T contends that Plaintiff's purpose in seeking joinder is nothing more than an "attempt to gain a procedural advantage over AT&T" through a remand that would allow for additional discovery and more time to prepare for summary judgment and trial. (Doc. No. 17 at 10-11.) Plaintiff, however, has provided facially legitimate grounds for amendment—that is, he seeks to add the individual allegedly responsible for his wrongful termination to the suit—and the Court finds nothing in the record to suggest that plaintiffs have an improper motive in seeking to add an additional defendant. Thus, this factor is, at worst, neutral as to allowing the amendment.

### 5. Prejudice to plaintiff

"[A] court must consider whether significant prejudice to plaintiff would result from the denial of joinder. Courts have found significant prejudice where claims against proposed non-diverse defendants are so intimately connected to those against an original defendant that denial of joinder would force a plaintiff to choose whether to pursue redundant litigation in another forum at the risk of inconsistent results, or forego valid claims against the non-diverse defendants." Yang, 2010 WL 2680800, at *5 (citing IBC Aviation Services, 125 F. Supp. 2d at 1013).

As noted above, the proposed claims arise out of the same facts as Plaintiff's existing claims, and requiring duplicative federal and state lawsuits would be an unnecessary expenditure of judicial resources and risk of inconsistent results. Accordingly, this factor weighs in favor of allowing the amendment.

### 6. Validity of new claims

"Because the decision under § 1447(e) is a discretionary one, courts consider all issues that bear on the equities of allowing amendment. Among these is whether a new claim sought to be added seems to have merit." Clinco, 41 F. Supp. 2d at 1083. Plaintiff proposes four new claims against Nourani and AT&T: IIED, defamation, misappropriation of name or likeness, and violation of Cal. Penal Code § 528.5.[2] Where one of the proposed claims appears to have merit, the Court need not address the others. See, e.g. Yang, 2010 WL 2680800, at *5 ("On this record, the Court finds that plaintiffs may have valid negligence claims against [defendants]. The Court finds it unnecessary to decide whether plaintiffs may have a valid claim for willful and wanton conduct.").

"Generally, claims for emotional distress caused by the employer's conduct causing distress such as 'discharge, demotion, discipline or criticism' are preempted by the Workers' Compensation Act, even when the employer's acts causing the distress are intentional or outrageous." Calero v. Unisys Corp., 271 F. Supp. 2d 1172, 1180 (N.D. Cal. 2003) (citing Gantt

---

[2] The claim for violation of Cal. Penal Code § 528.5 is against only Nourani.

v. Sentry Ins., 1 Cal. 4th 1083, 1099 (1992), rev'd on other grounds, Green v. Ralee Eng'g Co., 19 Cal. 4th 66, 80, n.6 (1998)). "Such distress, whether intentional or negligent conduct on the part of the employer, is considered 'part of the normal risk of employment' and hence subject to the exclusive remedies of the workers' compensation laws." Id. (citing Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund, 24 Cal. 4th 800, 814–15 (2001)).

"The phrase 'normal part of the employment relationship,' however, does not encompass all conduct that occurs on the job." Onelum v. Best Buy Stores L.P., 948 F. Supp. 2d 1048, 1054 (C.D. Cal. 2013) (citing Cole v. Fair Oaks Fire Protection Dist., 43 Cal. 3d 148, 160 (1987)). That is, IIED claims are permitted where "conduct of the employer has a 'questionable' relationship to the employment or where the employer steps out of his proper role." Id. (citing Cole, 43 Cal. 3d at 161).

Plaintiff contends that Nourani's conduct was outside his proper role as Plaintiff's manager. The Court agrees. The facts of this case similar to those in Calero v. Unisys Corp., 271 F. Supp. 2d 1172 (N.D. Cal. 2003). In Calero, the plaintiff raised a similar IIED claim to the one in this case and alleged the following facts: After the plaintiff was seriously injured in a car accident that left him temporarily disabled, he informed his supervisor that he would need to take medical leave and miss time from work; his supervisor gave the plaintiff "no indication" that his decision to take leave to recover from the injuries would lead to his discharge; rather, he "deceived him into thinking that [he] had done all that was necessary to secure his right to remain employed while he took leave"; despite those reassurances, the plaintiff was discharged shortly after taking leave. Id. at 1175, 1178. Based on those alleged facts, the Northern District held that the state court could find that the plaintiff "had established a cause of action for intentional infliction of emotional distress" due to the "deceptive manner" in which the plaintiff had been "denied rights granted ordinarily to other employees." Id. at 1178.

Here, Nourani's decision to fabricate an email address and resignation letter in Plaintiff's name, much like the deceptive conduct of the supervisor in Calero, exceeds the scope of his supervisory duties. Indeed, such conduct appears to be unlawful, see Cal. Penal Code § 528.5(a), and resulted in Plaintiff being "denied rights granted ordinarily to other employees." Id. at 1178. Accordingly, the Court finds that Plaintiff has established a claim for IIED that appears to have merit, and this factor, like the others, weighs in favor of allowing the amendment.

In sum, weighing all of the factors collectively, the Court finds that permitting the diversity-destroying joinder of Nourani is appropriate.

### III. Conclusion

For the reasons stated above, Plaintiff's motion to amend is granted. The Court directs the clerk to file the proposed first amended complaint. (Doc. No. 18-2 at 16-35.) This case is hereby remanded to the California Superior Court, County of Los Angeles.

**IT IS SO ORDERED.**